## In re MacDOUGALL et al.

### (District Court, S. D. Florida. December 20, 1922.)

### No. 2389.

Partnership ⊜6, 36—Relation held not created, by showing in profits to be applied on notes until paid, or by holding one out as partner without his knowledge or consent.

One lending money to another about to enter into business, taking notes bearing interest, with the understanding that half the profits of the business should be applied on the notes until paid, did not thereby become a partner, nor can he be held liable as a partner, because the borrower held him out as such without his knowledge or consent.

In Bankruptcy. In the matter of Donald A. MacDougall and others, trading as the MacDougall Furniture Company, bankrupts. On answer of Robert L. Dougherty, denying that he was a partner. Answer held sustained.

Twyman & Scott, of Miami, Fla., for petitioning creditors.
Morrow & Hawthorne, of Miami, Fla., for respondent Dougherty.

CALL, District Judge. September 4, 1922, an involuntary petition in bankruptcy was filed by creditors against Donald A. MacDougall, Robert L. Dougherty, and Carl G. Sparks, as copartners doing business as MacDougall Furniture Company. September 20th Robert L. Dougherty filed his answer, denying that he was a partner in the firm. Replication was filed to this answer, and an order was made referring the issue made by the answer to the referee, to take testimony and report the same to this court. This hearing is upon the testimony taken and reported.

The facts appearing from the undisputed testimony are that MacDougall, before entering into business, borrowed from Dougherty the sum of $1,500, for which amount he gave his note, payable one year after date, with interest at the rate of 8 per cent. per annum. The understanding between the parties was that MacDougall would appropriate 50 per cent. of the profits of this business toward the payment of the note and interest until same was paid. On the maturity of this note, without payment, three other notes were given by MacDougall for the principal and accrued interest, two of which bore the indorsement of individuals. Statements were made by MacDougall to credit associations, in which Dougherty was named as partner in the business, without the knowledge or connivance of Dougherty.

Under this state of facts, can Dougherty be held as a partner, in so far as the creditors are concerned? I think not. Certainly there was no partnership arrangement existing inter partes, because there was no agreement between them looking to or contemplating such partnership. Dougherty could only be held by his acts or words holding himself out as such partner, or the acts of others, with his knowledge or consent, which would induce credit extended on such acts or words. The testimony is silent as to any act done by or with his knowledge and

consent, which would have this effect, but, on the contrary, proves that absolute ignorance of Dougherty of any such act.

The fact that a number of suits were commenced against the business, in which Dougherty was named as a copartner, would not in any ·manner stop him from denying the existence of the partnership arrangement, unless such knowledge was brought home to him, and thereafter he stood silent when he ought to have spoken, and by his silence induced the extension of credit. I therefore find from the testimony that Dougherty is not, and was not at the time of the commencement of the bankruptcy proceedings, responsible to the creditors of the firm for the firm debts or any of them.

It will be so ordered.